UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL ANGELO BURNETT,

        Plaintiff,

v.

J. TANNER, *et al.*,

        Defendants.

Case No. 26-cv-12003
Hon. Matthew F. Leitman

_____/

**ORDER (1) DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 2), (2) SUMMARILY DISMISSING COMPLAINT (ECF No. 1) WITHOUT PREJUDICE, (3) TERMINATING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER (ECF No. 3), AND (4) CERTIFYING THAT AN APPEAL COULD NOT BE TAKEN IN GOOD FAITH**

Plaintiff Michael Angelo Burnett is a state prisoner in the custody of the Michigan Department of Corrections (the "MDOC"). He is currently incarcerated at the Macomb Correctional Facility. On June 16, 2026, Burnett filed this *pro se* civil-rights action under 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) Burnett claims that the Defendants confiscated legal materials pertaining to another one of his federal lawsuits, expressed a desire that he die, and threatened to put a shank in his cell in retaliation for filing this lawsuit. (*See id.*, PageID.3.) Upon review of the Complaint and Burnett's litigation history, the Court concludes that this case must

1

be dismissed without prejudice under the three-strikes provision of 28 U.S.C. § 1915(g).

## I

At the same time that Burnett filed his Complaint, he also filed an application to proceed *in forma pauperis* in this action. (*See* App., ECF No. 2.) Under the Prisoner Litigation Reform Act of 1995, a federal court must deny a prisoner *in forma pauperis* status and dismiss the prisoner's case if on three or more occasions a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *See* 28 U.S.C. § 1915(g); *Taylor v. Stevens*, 146 F.4th 480, 482 (6th Cir. 2025). This "three strikes" provision allows *in forma pauperis* status despite three or more strikes if the plaintiff sufficiently asserts that he is in imminent danger of serious physical injury. *See Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013); *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008).

## II

### A

A review of federal court records indicates that on more than three prior occasions, a federal court has dismissed a case brought by Burnett "on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). *See Burnett v. Marschke*, No. 2:09-cv-225, 2010 WL

2

502712, at *1, *3 (W.D. Mich. Feb. 5, 2010) (dismissing action for failure to state a claim); *Burnett v. Caruso*, No. 2:09-cv-180, 2009 WL 3270071, at *1, *3 (W.D. Mich. Oct. 8, 2009) (dismissing action "because it is frivolous"), *aff'd* No. 09-2553 (6th Cir. Aug. 13, 2010); *Burnett v. Hofbauer*, No. 2:09-cv-192, 2009 WL 4639491, at *1, *3 (W.D. Mich. Dec. 2, 2009) (dismissing action for failure to state a claim); *Burnett v. Hill*, No. 2:09-cv-39, 2009 WL 596533, at *1-3 (W.D. Mich. Mar. 6, 2009) (dismissing action for failure to state a claim); *Burnett v. Caruso*, No. 2:08-cv-168, 2009 WL 33470, at *1, *3 (W.D. Mich. Jan. 5, 2009) (adopting a report and recommendation to dismiss action for failure to state a claim). Courts have also repeatedly denied Burnett leave to proceed *in forma pauperis* under the three-strikes rule. Indeed, another Judge of this Court denied Burnett *in forma pauperis* status for this reason earlier this month. *See Burnett v. Tanner*, No. 26-cv-11623, 2026 WL 1963113 (E.D. Mich. July 7, 2026).

Because Burnett has had more than three cases dismissed on the basis that they were "frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted," Burnett is not entitled to proceed *in forma pauperis* and his Complaint must be dismissed.

**B**

As noted above, Section 1915(g) provides an exception to the three-strikes rule if "the prisoner is under imminent danger of serious physical injury." To satisfy

that exception, Burnett must allege "'facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger at the time he filed his complaint.'" *Vandiver,* 727 F.3d at 585 (alteration in original) (quoting *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)). The threat or prison condition must be real and proximate, and the danger of serious physical injury must exist at the time the complaint is filed. *See id.* "'[D]istrict courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (*i.e.*, are fantastic or delusional and rise to the level of irrational or wholly incredible).'" *Id.* (quoting *Rittner*, 290 F. App'x at 797).

Burnett has not satisfied that exception here.  Burnett's Complaint asserts that on June 5, 2026, Defendant corrections officers Jackson, Smith, and Doe confiscated "legal papers" related to his pending federal lawsuit in the Western District of Michigan. *See Burnett v. Washington*, Western District of Michigan, Case No. 2:25-cv-203. He asserts that that lawsuit involves medical claims related to his diagnosis of prostate cancer, and he says that the confiscated documents "consisted of the other side objections to [his] request to produce [his] medical file and prison file." (Compl., ECF No. 1, PageID.3.) Burnett asserts he "will suffer a significant risk of serious harm, Stage 3 prostate cancer and a shorten life expectancy" unless he receives the confiscated documents. (*Id.*)

4

Burnett further asserts that Defendant nurse practitioner Dayna Russo, who is also a defendant in the Western District case and who works at the Chippewa Correctional Facility, "communicated her desire to someone in the administration that she wants me dead." (*Id.*) He believes this because mail clerks have thrown away several pieces of outgoing mail pertaining to his case against her. (*See id.*)

Finally, Burnett asserts that the prison administration and Defendant Jackson threatened to put a shank in his cell if he filed the present lawsuit. (*See id.*) He is concerned about that threat because he has spent thirty-six years in prison and is scheduled for resentencing as an inmate who was sentenced to life in prison as a juvenile. (*See id.*)

None of Burnett's bases for avoiding the three-strikes rule persuade the Court that he should be allowed to proceed *in forma pauperis*.  First, with respect to the confiscated materials related to one of his other lawsuits and the unidentified mail Burnett says was thrown away, that conduct itself does not pose an imminent danger to Burnett's health. As Burnett himself notes, the claim that his prostate cancer is being improperly treated is the subject of a separate lawsuit currently pending in the Western District. Burnett also has a second recently filed lawsuit pending in this Court directly addressing his treatment for prostate cancer. *See Burnett v. Martino*, Eastern District of Michigan Case No. 26-cv-12062.  The claims in *this* case are at least one step removed from his other pending actions in that they involve the alleged

5

confiscation of legal papers related to those actions. This attenuated connection between the allegations in the Complaint here and the alleged imminent danger are insufficient to satisfy the imminent danger exception. *See, e.g., Berryman v. Corizon Health*, No. 15-cv-14108, 2015 U.S. Dist. LEXIS 163461, at *4-5 (E.D. Mich. Dec. 7, 2015) (complaint challenging defendant's conduct during grievance process did "not directly involve [the plaintiff's] medical care" so did not satisfy imminent danger exception). To the extent that Burnett has a claim that he faces imminent danger related to the alleged failure to properly treat his prostate cancer, those allegations are being addressed in his two other pending actions.

Second, the allegation that Defendants threatened to put a shank in Burnett's cell also fails to demonstrate that he is in imminent physical danger. The Court understands the allegation to mean that Defendants are threatening to file a false misconduct charge against Burnett for possessing a shank. Allegations that officials within the MDOC are threatening to file false misconduct charges against him is another "go-to" argument Burnett frequently makes and that courts have held fails to satisfy the imminent danger exception. *See Burnett v. Corrigan*, No. 2:25-cv-136, 2025 U.S. Dist. LEXIS 139447, at *11 (W.D. Mich. July 22, 2025).

For all of these reasons, Burnett has failed to show that the imminent danger exception under Section 1915(g) applies here. Accordingly, Burnett is barred from proceeding in this action *in forma pauperis*.

## IV

Finally, since Burnett has had at least three prior cases dismissed against him for being frivolous, malicious, or failing to state a claim, Section 1915(g) likewise bars him from appealing *in forma pauperis. See Drummer v. Luttrell*, 75 F. Supp. 2d 796, 805-806 (W.D. Tenn. 1999). The Court therefore certifies that any appeal from this dismissal would not be taken in good faith.

## V

For all of the reasons explained above, **IT IS HEREBY ORDERED** as follows:

- Burnett's application to proceed *in forma pauperis* (ECF No. 2) is **DENIED**;

- Burnett's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g);

- Burnett's motion for a temporary restraining order (ECF No. 3) is **TERMINATED AS MOOT** due to the dismissal of Burnett's Complaint; and

- The Court certifies that an appeal cannot be taken in good faith.

   **IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  July 21, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 21, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126